IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

PLAINTIFF,

Vs.  No. 05-40066-01-SAC

DAVID LEE HOLMES II,

DEFENDANT.

ORDER

The defendant David Lee Holmes II has filed a *pro se* motion for reduction of sentence pursuant to 28 U.S.C. § 3582(c). (Dk. 87). After reviewing this motion and the record, the court initially determined that the defendant was entitled to a reduction pursuant to the Sentencing Guideline Amendment 750 that retroactively reduced cocaine base sentences. This determination was jointly reviewed by the members of the United States Probation Office, Federal Public Defender and the United States Attorney's Office. It was jointly agreed that a reduction from 121 months to 120 months, the mandatory minimum term imposed by statute, was the sentence reduction allowed here by Amendment 750. The defendant's total offense level of 30 is reduced to 28, and his guideline sentencing range of 121 to 151 months is reduced to the range of 120 to 121 months. The court filed that order on December 7, 2011, granting this reduction. (Dk. 89).

Arguing other sentencing factors, the defendant asks for an additional sentencing reduction to 78 months. Section 1B1.10(b)(2)(A) of the Sentencing Guidelines does not allow for an additional reduction here:

> Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

This policy statement is "binding" on this court, and a sentencing modification under § 3582(c) is a proceeding of limited scope that does not allow for additional adjustments based on other sentencing factors. *See United States v. McGee*, 615 F.3d 1287, 1291-92 (10th Cir. 2010) (discussing *Dillon v United States*, ---U.S.---, 130 S.Ct. 2683 (2010)), *cert. denied*, 131 S.Ct. 955 (2011). Moreover, this court lacks any authority here to impose a sentence less than the ten-year minimum term required by 21 U.S.C. § 841(b)(1)(B).

IT IS THEREFORE ORDERED that the defendant's motion for reduction of sentence pursuant to 28 U.S.C. § 3582(c) (Dk. 87) was granted in part by the court's prior order filed December 7, 2011, (Dk. 89) and is denied here in all other respects.

Dated this 7th day of December, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge